# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MALDONADO,<br><br>             Plaintiff,<br><br>    v.<br><br>COMMITTEE COUNSEL WASCO R/C,<br>et al.,<br><br>             Defendants. | CASE NO. 1:12-cv-01670-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 16) |

       Plaintiff Israel Maldonado ("Plaintiff") is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on August 15, 2012. (ECF No. 1.) On March 22, 2013, Plaintiff filed a motion "implementing order for sanction supplement order." (ECF No. 16.) The Court construes Plaintiff's request as a motion for a preliminary injunction.

       A preliminary injunction is an extraordinary remedy never awarded as of right. <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 9, 129 S.Ct. 365, 376 (2008) (citation and quotation marks omitted). For each form of relief sought in federal court, Plaintiff must establish standing. <u>Summers v. Earth Island Inst.</u>, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009) (citation omitted); <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial

1 decision will prevent or redress the injury.  <u>Summers</u>, 555 U.S. at 493 (quotation marks and citation omitted); <u>Mayfield</u>, 599 F.3d at 969.

Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

Plaintiff is seeking an injunction to have his personal property returned and to be released from custody.  The pendency of this action does not give the Court jurisdiction over prison officials in general or over Plaintiff's property issues.  <u>Summers</u>, 555 U.S. at 493; <u>Mayfield</u>, 599 F.3d at 969.  The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding.  <u>Summers</u>, 555 U.S. at 493; <u>Mayfield</u>, 599 F.3d at 969.

Additionally, if Plaintiff wishes to challenge the legality of his incarceration, he must timely file a writ of habeas corpus.  <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'  He must seek federal habeas corpus relief (or appropriate state relief) instead.") (citations omitted).

Accordingly, it is hereby ORDERED that Plaintiff's motion for a preliminary injunction be DENIED.

IT IS SO ORDERED.

Dated:   **April 1, 2013**

UNITED STATES MAGISTRATE JUDGE

2