# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

ISRAEL MALDONADO,

      Plaintiff,

      v.

COMMITTEE COUNSEL WASCO, et al.,

      Defendants.

Case No.: 1:12-cv-01670-SAB (PC)

ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM

[ECF No. 1]

      Plaintiff Israel Maldonado is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

      For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. The Court will provide Plaintiff with the legal standards that appear to apply to the claims. Plaintiff should carefully review the standards and amend only those claims that he believes are cognizable.

## I.

## SCREENING REQUIREMENT

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff's hand-written complaint is somewhat incoherent and at points illegible. On the caption of the complaint, Plaintiff names committee counsel Wasco receiving center, Ads staff members Wasco receiving center, appeals coordinator, and facility FDS-AD-SED correctional officer, as Defendants in this action.

Plaintiff was denied the right to be present during the hearing regarding a rules violation report he received.

///

///

From June to October of 2011, he was held against his will in his cell without a shower and yard exercise, and was not provided adequate food. During this time, he did not have supplies such as pen, paper, or visiting forms. Plaintiff was denied visitation with his mother from June to October of 2011. After an incident involving Plaintiff being pepper sprayed, he was placed back in the contaminated cell without a change of clothes or shower, and he had no toilet paper for a week.

### A.    Section 1983 Liability

Under federal notice pleading, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Factual allegations are accepted as true but legal conclusions are not, and Plaintiff is required to present factual allegations sufficient to state a plausible claim for relief. Iqbal, at 677-679; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, at 677-679; Moss, at 969.

### B.    Linkage Requirement

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate a link between actions or omissions of each named defendant and the violation of his rights; there is no *respondeat superior* liability under section 1983. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

///

///

### C. Doe Defendants

"Doe" defendant liability must also be properly alleged. A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different specific person. Plaintiff also must identify how each such named Defendant, including those named as Doe, is liable for a constitutional violation. Dempsey v. Schwarzenegger, No C-09-2921 JSW (PR), 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010).

In the complaint, Plaintiff lists only "Committee Counsel Wasco receiving center, Ads staff members Wasco receiving center, appeals coordinator, and Facility FDS-AD-SED correctional officer, as Defendants. If Petitioner files an amended complaint, he must allege specific acts attributable to each of the Doe Defendants, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y." Alexander v. Tilton, No. 1:07-cv-00759-LJO-DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

### D. Applicable Legal Standards

Based on Plaintiff's allegations, Plaintiff is attempting to pursue federal claims for use of excessive force, inhumane conditions of confinement, and deliberate indifference to a serious risk of substantial harm. Provided below are the applicable legal standards for those claims. Plaintiff is warned that if he fails to allege sufficient facts to state plausible claims for relief and/or fails to allege sufficient facts linking the named defendants to the violation of his rights, his claims will be subject to dismissal.

### E. Equal Protection of the Law

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

1    Plaintiff alleges no facts to support a claim for an Equal Protection violation.

2    **F.    Cruel and Unusual Punishment**

3    The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's allegations that he was held in his cell from June to October 2011, and not provided a shower and outdoor exercise for two months may give rise to an Eighth Amendment claim for cruel and unusual punishment.  However, Plaintiff fails to link any individual to a specific action or omission to demonstrate deliberate indifference to a substantial risk of harm to his health or safety.

In addition, Plaintiff's allegations that after he was pepper sprayed he was placed back in a contaminated cell without any change of clothing, shower, or toilet paper for a week, may give rise to

5

1  a cognizable Eighth Amendment violation.  However, Plaintiff fails to link any individual showing
2  deliberate indifference.  Accordingly, Plaintiff will be granted leave to amend.

3        **G.**      **Access Law Library**

4        Plaintiff contends that he has a right to attend the law library whenever he desires and he has
5  been deprived of such right.

6        An inmate has a constitutionally protected right to meaningful access to the courts.  <u>Bounds v.
7  Smith</u>, 430 U.S. 817, 820-821 (1977).  However, there is no freestanding constitutional right to law
8  library access for prisoners.  <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 350-351 (1996).  Instead, law library
9  access serves as one means of ensuring the constitutional right of access to the courts.  <u>Id.</u> at 351.
10 "[T]he Constitution does not guarantee a prisoner unlimited access to a law library.  Prison officials of
11 necessity must regulate the time, manner, and place in which library facilities are used."  <u>Linquist v.
12 Idaho State Bd. of Corrections</u>, 776 F.2d 851, 858 (9th Cir. 1985).  A prisoner claiming that his right
13 of access to the courts has been (or will be) violated due to inadequate library access must show that:
14 1) access was (or will be) so limited as to be unreasonable, and 2) the inadequate access caused (or
15 will cause) actual injury.  <u>Vandelft v. Moses</u>, 31 F.3d 794, 797 (9th Cir. 1994).

16       Plaintiff fails to set forth any factual allegations to support the denial of access to the court.

17       **H.**      **Visitation Privileges**

18       Plaintiff contends he was denied visitation with his mother from June to October 2011.

19       The Due Process Clause protects prisoners from being deprived of life, liberty or property
20 without due process of law.  <u>Kentucky Dep't of Corr. v. Thompson</u>, 490 U.S. 454, 459-60 (1989).  In
21 order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish
22 the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from
23 the Due Process Clause itself or from state law.  <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983).  "The
24 denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily
25 contemplated by a prison sentence,' and therefore is not independently protected by the Due Process
26 Clause."  <u>Kentucky Dep't of Corr.</u>, 490 U.S. at 460 (quoting <u>Hewitt</u>, 459 U.S. at 468).  With respect to
27 whether plaintiff has a liberty interest arising from state law, the existence of a liberty interest created
28 by prison regulations is determined by focusing on the nature of the deprivation.  <u>Sandin v. Conner</u>,

6

515 U.S. 472, 481-84 (1995).  Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.

Plaintiff fails to state a cognizable claim based on the temporary suspension of visitation privileges with his mother because he received a rules violation.  See Dunn v. Castro, 621 F.3d 1196, 1203-1205 (9th Cir. 2010).  As noted, visitation privileges are not constitutionally guaranteed.  Plaintiff has not identified any state law/prison regulation which creates such a liberty interest.  Accordingly, Plaintiff fails to state a cognizable claim.

### I.  Due Process Violation

Plaintiff contends that his due process rights were denied because he was not allowed to be present at the rules violation hearing.

With respect to disciplinary proceedings, it is established that a constitutional claim concerning the application of rules administered by a prison or penal administrator that challenges the duration of a sentence is a cognizable claim of being in custody in violation of the Constitution pursuant to 28 U.S.C. § 2254.  Superintendent v. Hill, 472 U.S. 445, 454 (1985).  The Supreme Court has held that challenges to prison disciplinary adjudications that have resulted in a loss of time credits must be raised by way of petition for writ of habeas corpus and not in a § 1983 action because such a challenge is to the very fact or duration of physical imprisonment.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Plaintiff does not indicate whether he suffered a credit loss as a result of the rules violation.  Accordingly, the Court cannot determine whether Plaintiff may proceed by way of § 1983, and he must amend the complaint to cure this deficiency.

### J.  Inmate Appeal Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  Plaintiff does not a have protected liberty interest in the processing and handling of his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution

of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed April 30, 2012, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

4.   If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 18, 2013**

UNITED STATES MAGISTRATE JUDGE